Citation Nr: 1722237 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-50 999 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran and his son



ATTORNEY FOR THE BOARD

A.Yaffe, Associate Counsel
INTRODUCTION

The Veteran served on active duty from January 1973 to January 1975, with additional reserve service. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from November 2006 and May 2008 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. The RO in Louisville, Kentucky has current jurisdiction of this case and certified this appeal to the Board.

The May 2008 rating decision denied the Veteran's claims for a rating in excess of 20 percent for his low back disorder; service connection claim for psychiatric disability; and a claim for a TDIU. 

In October 2010, a Travel Board hearing was conducted at the RO before a Veterans Law Judge (VLJ). A transcript is associated with the claims file. As noted in the prior decisions, the Veteran is deemed to have waived his right to another hearing before the Board.

In October 2014, the Board issued a decision in which it increased to 40 percent the rating for the Veteran's low back disorder. It also awarded service connection for the Veteran's depressive disorder, NOS and such award represents a complete grant of the benefits sought with respect to the psychiatric claim. See October 2014 rating decision implementing these awards. Further, the Board remanded the Veteran's claim for a TDIU and such claim has since returned for further appellate consideration.

The Board observes that a May 2017 post-remand appellate brief raises the issue of entitlement to an increased rating for the service-connected depressive disorder, NOS. As the Board lacks jurisdiction over such claim, it is REFERRED to the AOJ for the appropriate development.



REMAND

The Veteran seeks entitlement to a TDIU. He is currently in receipt of a combined 60 percent rating for service-connected lumbosacral strain and depressive disorder. The schedular requirements for a TDIU are not met under 38 C.F.R. § 4.16(a).

However, entitlement to a TDIU on an extraschedular basis may be considered when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. §4.16(b). The Board does not have the authority to assign an extraschedular TDIU in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). Rating boards will refer to the Director of the Compensation Service for extraschedular consideration all cases of veterans who are unemployable by reason of service connected disabilities but who fail to meet the percentage requirements set forth in 38 C.F.R. § 4.16(a).

The medical evidence indicates that the Veteran's lumbar spine disability has some impact on his ability to work in a job that would require heavy lifting, prolonged walking, standing, or sitting. The reports also reflect that his psychiatric disorder would affect his ability to work with reliability on any sustained basis. See January 2015 VA back and mental health examination reports. 

As such, the Board is remanding the TDIU claim on an extraschedular basis as a result of service-connected disabilities for referral to the Director of Compensation in accordance with 38 C.F.R. § 4.16(b) for consideration of whether this benefit is warranted on an extraschedular basis. 

Accordingly, the case is REMANDED for the following action:

1. Refer the Veteran's TDIU claim under 38 C.F.R. § 4.16(b) to the appropriate VA compensation and pension officials for extraschedular consideration. 

2. After completing the requested actions, and any additional notification and/or development deemed warranted, readjudicate the claim for a TDIU. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).